IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

EDGECONNEX, INC.,                    )
                                      )
        Plaintiff,                )     TC-MD 200410N
                                      )
    v.                                 )
                                      )
WASHINGTON COUNTY ASSESSOR,    )    **ORDER DENYING DEFENDANT'S**
                                      )    **MOTION FOR SUMMARY**
        Defendant.           )    **JUDGMENT**

This matter came before the court on Defendant's Motion for Summary Judgment

(Motion), filed August 24, 2021.  The parties filed written briefs on Defendant's Motion and

participated in a remote oral argument held by videoconference on December 22, 2021.

## I.  STATEMENT OF FACTS

Plaintiff appeals Defendant's partial denial of enterprise zone (EZ) exemption for property

identified as Accounts R2192650, R2216875, P2190799, R2206667, and R2206696 for the 2020-

21 tax year.  (Compl at 1; Ltr at 2, June 8, 2021[1].)  Plaintiff initially applied for EZ exemption in

2015 and was approved in 2016.  (Stip Facts at ¶1.)  Plaintiff filed its EZ claim, property schedule,

and construction-in-process forms on April 1, 2020.  (*Id.* at ¶4, Ex 3.)  The EZ claim form lists the

accounts as R2192650 and P2190799 and the total cost of investment property as $24,032,749.

(Ex 3 at 2.)  The attached property schedule's "Summary of investment costs of qualified property"

lists "new additions to or modifications of existing buildings or structures" of $23,377,230 and

qualified personal property of $655,519 for a total of $24,032,749.  (*Id.* at 5.)  The property

---

[1] Defendant filed a letter, property tax statements, and notices for Accounts P2190799, R220667, and R2206696 stating that "[t]he parties have conferred, and Mr. Robinson is not objecting to the addition of the accounts to the underlying Edgeconnex appeal * * *."  It is unclear how accounts R2206667 and R2206696 relate to the matter at issue as those Accounts are not listed in Plaintiff's EZ claim.  (Ex 3.)  It appears they pertain to a related appeal, TC-MD 210166N, in which they are part of the unit of property at issue.

schedule form requests a "Description, Date addition or modification began, Date placed in service, and Cost of addition or modification." (*Id.*) In response, Plaintiff provided Attachment A, a two-page list with a description (*e.g.*, "architectural & design, BCEI/CM Fee, Commissioning, Fire Alarm & Suppression System, General Construction"), a date placed in service (all 2019), and a cost. (*Id.* at 8-9.)[2] The EZ property schedule also includes Attachment B detailing personal property claimed: a one-page list of items, each described as "computers," placed in service in 2019. (Ex 3 at 6, 10.)

On January 6, 2020, Defendant sent Plaintiff "a corrected tax statement for 2018-2019 and 2019-2020 tax years for account R2192650." (Stip Facts at ¶2.) Defendant resent the statements on June 30, 2020, because it had originally sent them to an old address. (*Id.*[3]) On March 13, 2020, Plaintiff filed a personal property tax return for Account P2190799. (*Id*. at ¶3; Ex 2.) In July 2020, Defendant sent Plaintiff's authorized representative the real property return working papers for 2018-19 and 2019-20. (*Id.* at ¶6; Exs 5-6.) The papers list assets purchased in 2014, 2017, and 2018. (Exs 5-6.) Upon review, Plaintiff's authorized representative wrote an in an email dated July 20, 2020, "that he believed he needed to make an amended Real and Personal Property filing." (*Id.* at ¶7, Ex 7.) On July 31, 2020, he sent Defendant an excel worksheet that supported Plaintiff's real and personal property filings. (*Id.* at ¶8, Exs 8-9.) Plaintiff's revised real property asset list includes assets acquired in 2019 with a total cost of $24,832,480.59. (Ex 9.) Each assets includes an entry in the "Tax Return Code" field of "Oregon Enterprise Zone." (*Id.*) It separately lists personal property assets acquired in 2019, also designated Oregon Enterprise Zone, totaling $92,069.99. (*Id.*)

---

[2] Plaintiff's packet also includes an Application for Construction-in-Process (CIP) EZ Exemption for items totaling $4,768,380.53. (Ex 3 at 11-12.) The list of items includes a description (half are described as "General Construction in Process"), a date of purchase (2018 and 2019), and a purchase price. (*Id*. at 12.) It is unclear whether the CIP exemption was granted or if it is at issue in this case.

[3] These notices are under appeal in related case TC-MD 210319N.

On August 3, 2020, Plaintiff's representative "filed the amended 2020 Real Property and Personal Property returns for [A]ccount R2192650." (Stip Facts at ¶9, Ex 10.[4]) The amended real property return includes "Schedule 5-A: Enterprise zone – Completed additions" with a total completed cost of $24,832,481. (Ex 10 at 5.) The filing includes a copy of the 2020 EZ claim form previously filed on April 1, 2020. (*Id.* at 41-42.)

Defendant corresponded with Plaintiff's representative on several questions and closed the roll in early September "after reconciling R2192650." (Stip Facts at ¶¶10-11, Ex 11.) In an email chain on August 5, 2021, Defendant inquired about the scope of work performed under $6 million described as "general construction" and about the items "commissioning, pre-action, contingency, EPO," "electrical installation," "structured cabling," "PP2 interior install, PP2 exterior install," and "OSP." (Ex 11.) Plaintiff responded, clarifying the meaning of those terms and the depreciable life of the various assets and improvements. (*Id.*) An email from one of Defendant's appraisers dated August 26, 2020, states "I wasn't able to bridge the 2019 assets reported on the 2020 PPR with the 8 lines of computers, totaling $655,519, in their 2020 EZ property schedule. I've updated the 2018 EZEF & I'm assessing all 2019 additions." (Ex 10 at 172.)

On September 23, 2020, Defendant contacted Plaintiff's representative "via email regarding the assets that could not be qualified in the [EZ] based upon [Plaintiff's] submissions and were subsequently disqualified." (Stip Facts at ¶12, Exs 12-13.)[5] The spreadsheet listing disposed assets includes assets purchased in 2017 and 2018, not 2019. (Ex 13.) Plaintiff's representative

---

[4] The form itself references only Account R2192650, but an attachment lists assets acquired in 2019 in Account P2190799, totaling $92,067.99 in cost. (Ex 10 at 1, 40.)

[5] Defendant's appraiser explained in the email that "The attached list above are assets [that] appear to be disposals of both that qualified in the Enterprise Zone and regular assets and were not included in your 1.1.20 asset list submitted to the County. Per 285C.240, these assets that were identified in the Enterprise Zone are now disqualified. Therefore, the County will be assessing these disposed assets in prior years." (Ex 12.) At oral argument, Defendant explained that the disqualified assets discussed are not relevant to its Motion.

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
TC-MD 200410N                                                                                     3

continued to correspond with Defendant by email "through the end of October about bridging the list of disqualified assets between the EZ Property Schedule and RPR/PPR asset lists." (*Id.* at ¶13, Ex 14.) On October 21, 2020, Defendant sent Plaintiff a "value increase letter" for the 2020-21 tax year. (*Id.* at ¶14, Ex 15.) The letter pertains to Account R2192650, making a downward real market value correction but increasing the assessed value, "in accordance with ORS 311.208." (Ex 15 at 1.) Defendant also increased the assessed value of Account P2190799 while maintaining the real market value. (Ex 15 at 3.) A third account was included but evidently unaffected. (*Id*. at 2.) On October 23, 2020, Defendant sent Plaintiff property tax statements for the 2020-21 tax year for all three Accounts. (*Id.* at ¶15, Ex 16.) Plaintiff alleges that Defendant granted a partial EZ exemption in the amount of $10,530,090—less than half the $24,832,481 claimed. (Compl at 1.)

## II. OVERVIEW OF STATUTES INVOLVED

"The Oregon Enterprise Zone Act provides temporary exemption from property taxation for 'qualified' business firms that invest in 'qualified' property and increase their employment within any of numerous enterprise zones located throughout the state." *United Streetcar LLC v. Dept. of Rev.*, TC 5318, WL 3034444 at *1 (Or Tax, July 11, 2019). To be "qualified property" exempt from taxation, the property "generally must (1) be newly constructed or installed; (2) meet a minimum cost requirement; (3) be constructed or installed for approved income-producing purposes of the firm; (4) be owned or leased by an authorized firm; and (5) be of the same 'general type,' and in the same location inside the geographic boundaries of the enterprise zone, as described in the firm's application for authorization." *Id.*; *see also* ORS 285C.175(1)(a); ORS 285C.180.[6]

---

[6] The court's references to the Oregon Revised Statutes (ORS) are to 2017.

For each assessment year in which an authorized business firm seeks EZ exemption, the firm must file a claim on or before April 1. *See* ORS 285C.220(1)(a), (9)(a)[7]; *see also United Streetcar*, 2019 WL 3034444 at *2. A claim may be filed until June 1 if accompanied by the late fee. ORS 285C.220(7). The firm must use a claim form prescribed by the Department of Revenue. ORS 285C.220(1)(b). Among other things, the claim form must include "any attachments required under ORS 285C.225." ORS 285C.220(2)(e).

ORS 285C.225 in turn provides that, "[f]or the first tax year for which qualified property is exempt under ORS 285C.175, the claim filed under ORS 285C.220 must include a property schedule listing the qualified property." ORS 285C.225(2). "The firm shall include additional property schedules with subsequent claims in order to claim exemption of additional qualified property that is pursuant to the same application for authorization." ORS 285C.225(3)(a). The required property schedule must be on the form prescribed by the Department of Revenue and contain:

(a) "A list of all qualified property that satisfies all requirements for exemption under ORS 285C.175 for the tax year for which the exemption is being claimed and that has not been exempt under ORS 285C.175 for a previous tax year";

(b) "For each item of property described in paragraph (a) of this subsection, the cost of the property and the date the property was placed in service";

(c) "Any information needed to determine compliance with any applicable requirements under ORS 285C.180, 285C.185 or 285C.190";

(d) [certain requirements for leased property] * * * * *; and

(e) "Any other information required by the Department of Revenue."

ORS 285C.225(4). "The county assessor may allow the business firm to amend the property schedule to include any other item of qualified property described in subsection (4) of this section

---

[7] The EZ exemption applies to property already "place into service." Property not yet "placed into service" may nonetheless qualify for the CIP exemption under ORS 285C.170.

that was not listed on the original property schedule included in the claim filed for the assessment year." ORS 285C.225(5). However, the property schedule may not be amended after June 1. *Id.* If a firm fails to timely file an exemption claim under ORS 285C.220, the assessor may deny the exemption under ORS 285C.175. ORS 285C.230(3)(b).

The business firm must "be prepared to verify any information set forth in" its claim form. ORS 285C.220(3). The assessor may "[r]easonably rely on information set forth in the exemption claim filed under ORS 285C.220" and may also seek assistance from the sponsor to determine if property qualifies for exemption. ORS 285C.230(1). The assessor may demand a report from the firm concerning the use of qualified property. ORS 285C.235. If the assessor concludes the claimed property qualifies for exemption, the assessor must grant exemption for the tax year beginning July 1. ORS 285C.220(4). The denial of exemption may be appealed to this court under ORS 305.404 to ORS 305.560. ORS 285C.175(6).

## III. MOTION AND RESPONSE

Defendant moves for summary judgment on the basis that Plaintiff failed to timely file an amendment to its EZ property schedule by June 1, 2020, so "all subsequent assets that [Plaintiff] attempted to bridge in the appealed tax year should be denied." (Def's Mot at 1.) Defendant observes that taxpayers are "normally required to submit a business personal and/or real property return by March 15, 2020[,]" pursuant to ORS 308.290(1)(a) but Plaintiffs August 3 property returns were filed after the due date of June 1, 2020, for amended EZ claims. (*Id.* at 4; Reply at 3.) Thus, Plaintiff's 2020 property returns filed August 3 should not be used to determine what property qualifies for EZ exemption. (Reply 3.) "Defendant requests an order that all of Plaintiff's post June 1 amendments and filings should be excluded for the purpose of qualifying any of Plaintiff's assets under [its] EZ claim form per ORS 285C.225(5)." (*Id.* at 4.)

Plaintiff agrees that "qualified property cannot be added to a property schedule after June 1 of the assessment year" but "contends that it did not seek to add qualified property beyond what was contained within its initial timely filing." (Resp at 1.) Communications with Defendant after June 1, 2020, "were meant to provide additional clarity on several line items contained within the timely filed exemption claim and attached property schedule." (*Id.*) Thus, the dispute involves issues of material fact not appropriate for summary judgment, specifically whether Plaintiff's initial filing "contained all property for which the exemption is sought or, alternatively, whether Plaintiff was indeed attempting to add new property." (*Id.*) Plaintiff notes that its property schedule submitted with the EZ claim form on April 1, 2020, listed "all buildings and structural additions placed into service in calendar year 2019" for a total value of $23,377,230. (*Id.* at 4.) Plaintiff maintains that Defendant has offered no "evidence sufficient to establish that Plaintiff did attempt to add buildings or structural improvements which were not included within the timely filed exemption claim." (*Id.* at 5.)

Defendant replies that its "not challenging whether there was new property added in the addendums provided by [Plaintiff's representative]. The question here is whether the late time filings are the only way to potentially bridge the assets in the EZ claim form and initial personal property return that would otherwise be summary reporting and be disqualified if they had to stand alone." (Reply at 2.) "If there is summary reporting in the EZ claim form, then the only way to make this connection is timely file a complete personal property schedule or addendum to a schedule by the June 1 deadline under ORS 285C.225(5)." (*Id.*) Defendant contends that Plaintiff's amended filings made after June 1 "were not filed simply to help the County * * * but instead [to] 'bridge' the summary reporting in the Claim Form and property schedule with a clean list of qualified assets under 285C.225(4)(a)." (*Id.*) Defendant

"believes a significant portion of [Plaintiff's] assets qualify only if the Court accepts post June 1 late filings from [Plaintiff]. There is a clear factual dispute on this point as to what does or does not qualify based upon [Plaintiff's] pre June 1 filings, but with that said [P]laintiff's post June 1 late filings cannot be used to justify or qualify any of [Plaintiff's] pre June 1, timely filings."

(*Id.* at 3.)

## IV. ANALYSIS

The issue is whether Plaintiff may present as evidence supporting its 2020 EZ claim any documents submitted to Defendant after June 1, 2020.

The court grants a motion for summary judgment if all the documents on file "show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law." Tax Court Rule (TCR) 47.[8] "No genuine issue as to a material fact exists if, based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party * * *." *Id*. Plaintiff maintains that issues of material fact exist that prevent granting of summary judgment.

There is no dispute that Plaintiff timely filed the EZ claim form and property schedule required under ORS 285C.220 and ORS 285C.225 for the 2020 tax year. Defendant has not explained why Plaintiff's timely-filed EZ claim and property schedule are deficient under applicable statutes. It appears that Plaintiff used the forms prescribed by the Department of Revenue and provided the requested information. Defendant refers to Plaintiff's "summary reporting" but does not define that term or connect it to a statutory requirement. It may be that some of the terms used in Plaintiff's property schedule were unclear, requiring additional communication between the parties, but that does not negate Plaintiff's timely filing. The

---

[8] TCR 47 is made applicable by Tax Court Rule – Magistrate Division (TCR-MD) 13 B which provides that "[t]he court may apply TCR 47 to motions for summary judgment, to the extent relevant."

statutes permit Defendant to rely on statements made in Plaintiff's claim form or to seek additional information to determine whether property qualifies for exemption. ORS 285C.230(1); ORS 285C.235. It appears the dispute here concerns the effect of Plaintiff's 2020 real property return and amended personal property return, each filed after June 1, 2020.

Plaintiff filed its returns pursuant to ORS 308.290 on August 3, 2020. The returns included schedules of property for which Plaintiff seeks EZ exemption. It is unclear to what extent those property schedules overlap with the property schedules attached to Plaintiff's 2020 EZ claim. The total costs listed are close but not exact: the EZ claim lists property costs totaling $24,032,747 whereas the property returns lists costs totaling $24,925,549. That discrepancy suggests Plaintiff's property returns may contain assets that were not reported on Plaintiff's EZ claim, totaling $891,800 in cost. (Ex 3 at 9-10; Ex 10 at 36, 40.) Plaintiff's 2020 real property return also includes many more line items than the property schedule attached to its EZ claim. (*Compare* Ex 10 *with* Ex 3.) At oral argument, Plaintiff explained that it was trying to give Defendant the specificity it needed to conclude the assets qualify for exemption. The court notes that ORS 308.290(3) requires more information be included than is required for the EZ claim schedule. *Compare* ORS 308.290(3)(b) ("[e]ach return of real property shall contain a full listing of the several items or parts of the property specified * * *) *with* ORS 285C.225(4) (requiring a "list of all qualified property"). The parties appear to agree that Plaintiff is not entitled to exemption on any assets that it failed to report on an original or amended EZ claim before June 1, 2020. Whether the cost discrepancy is due to assets that Plaintiff failed to timely claim is a question of fact that the court is unable to resolve on summary judgment.

Defendant argues that Plaintiff's 2020 property returns, filed August 3, 2020, are, in effect, a late-filed amended property schedule to Plaintiff's 2020 EZ claim. That argument

appears to be based on an email exchange in which Plaintiff's representative referenced making an "an amended real and personal property filing." That statement is ambiguous with respect to whether it references the EZ claim and property schedule. However, Plaintiff filed its 2020 property returns pursuant to ORS 308.290, *not* an amended property schedule pursuant to ORS 285C.225. Those are distinct forms, notwithstanding some overlapping content. Plaintiff's 2020 property returns are not an amended EZ property schedule.

Defendant suggests that Plaintiff's late filed 2020 property returns impact Plaintiff's 2020 EZ claim. Defendant cites to ORS 308.290(1)(a) for support. That statute requires a business with taxable personal property to file a return with the county assessor by March 15. The parties agree that Plaintiff timely filed its personal property return for Account P2190799.

ORS 308.290(2) requires a business with taxable real property to "make a return of the property for ad valorem tax purposes when so requested by the" county assessor. "All returns shall be filed on or before March 15 of each year." ORS 308.290(4). If Plaintiff was required to file a real property return pursuant to ORS 308.290(2) and failed to timely do so, Defendant may assess the property based on best information and impose penalties for the delinquent return. ORS 308.290(6), ORS 308.295. No evidence was presented showing that Defendant requested a real property tax return. However, assuming such a request was made, Defendant has not explained how Plaintiff's failure to timely file a 2020 real property return impacts Plaintiff's timely filed 2020 EZ claim.

Finally, Defendant requests an evidentiary ruling from the court barring Plaintiff from presenting as evidence in support of its 2020 EZ claim any documents sent to Defendant after June 1, 2020. That ruling would be contrary to this court's *de novo* review under ORS 305.425. *See, e.g., St. Mary Star of the Sea I v. Dept. of Rev.*, 2 OTR 312, 315 n6 (2016) (citing ORS

305.425(1) ("this court reviews the question of exemption *de novo*)); *see also YU Contemporary, Inc. v. Dept. of Rev.*, TC 5245, 2017 WL 6939112 at *5 (Or Tax, Dec 29, 2017) (confirming court's *de novo* review of exemption claim.)  The court declines to limit the evidence Plaintiff may present in support of its 2020 EZ exemption claim.

## V.  CONCLUSION

Upon careful consideration, the court concludes that Plaintiff timely filed a 2020 EZ exemption claim including the required property schedule.  Plaintiff's 2020 property returns filed pursuant to ORS 308.290 are not an amended property schedule pursuant to ORS 285C.225.  To the extent Plaintiff's 2020 property returns lists assets that were not included on Plaintiff's 2020 EZ property schedule, Defendant properly denied Plaintiff's exemption claim with respect to those assets.  Whether such assets exist and their value is a question of fact that the court is unable to determine on summary judgment.  In this *de novo* appeal, the court declines to limit the evidence Plaintiff may present in support of its 2020 EZ exemption claim.   Now, therefore,

IT IS ORDERED that Defendant's Motion for Summary Judgment is denied.

IT IS FURTHER ORDERED that the parties will file a joint written status report within 30 days proposing next steps.

Dated this _____ day of May 2022.

ALLISON R. BOOMER
PRESIDING MAGISTRATE

*This interim order may not be appealed.  Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved.  ORS 305.501.*

*This document was signed by Presiding Magistrate Allison R. Boomer and entered on May 4, 2022.*